COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MASOUMEH MACY ASKARI

v.   Record No. 1532-96-4                    MEMORANDUM OPINION[*]
                                                PER CURIAM
MONTGOMERY WARD & COMPANY, INC.            NOVEMBER 26, 1996
AND
NATIONAL UNION FIRE INSURANCE
 COMPANY OF PITTSBURGH


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Masoumeh Askari, pro se, on brief).

            (Richard A. Yeagley; Siciliano, Ellis, Dyer &
            Boccarosse, on brief), for appellees.


        Masoumeh Askari ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that she

failed to prove that she was disabled as the result of a

work-related accident on December 29, 1992.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

        So viewed, the evidence showed that after the December 29,

1992 accident, claimant worked full-time, without difficulty, in

a medical laboratory.  Claimant did not tell her physicians or

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

physical therapists that she was working full-time. Claimant's physical therapists observed claimant ambulating outside the clinic without the difficulty she exhibited when inside the clinic. In addition, surveillance videotapes taken by private investigators showed claimant walking without a limp, driving, and washing her car without any signs of impairment.

Dr. Abraham Cherrick, claimant's treating physician, who viewed the videotapes during his deposition, testified that claimant's activities depicted on the videotapes were inconsistent with the complaints she exhibited to him during his treatment. Based upon the videotapes and the evidence that claimant worked full-time, Dr. Cherrick testified that claimant was capable of working at the time of his treatment in 1993. Furthermore, the medical records revealed no objective evidence of disability.

In ruling that claimant failed to prove disability, the full commission relied upon the deputy commissioner's credibility determination. It stated:

> The Deputy Commissioner found that the claimant was not credible in describing her continuing severe pain. While not bound by the credibility findings of the Deputy Commissioner, we will not arbitrarily disregard them. The claimant has the burden of proving every element of her claim. Her expressions of extreme pain are not supported by any objective medical findings, and they are undermined by evidence that her physical demeanor dramatically improves when she believes she is not being observed.

(Citations omitted.)

2

Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970). It is well settled that credibility determinations are within the fact finder's exclusive purview. <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based upon this record, the commission was entitled to conclude that claimant's testimony concerning her disability was not credible. Accordingly, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>